FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 23, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GUADALUPE JOSE OROPEZA REYES,<br><br>Defendant. | No. 4:26-MJ-07011-ACE-1<br><br>ORDER GRANTING THE UNITED STATES' MOTION FOR DETENTION<br><br>**ECF No. 6** |

On Thursday, January 22, 2026, the Court conducted a hearing on the United States' Motion for Detention (ECF No. 6).  Defendant was represented by Assistant Federal Defender Craig Webster and assisted by federal court-certified interpreter Natalia Rivera.  Assistant United States Attorney Brandon Pang represented the United States.  With Defendant's consent, the undersigned appeared by video from outside of the district.

The Court has considered the Complaint (ECF No. 1), the Pretrial Services Report (ECF No. 5), the Supplemental Pretrial Services Report (ECF No. 13), and the arguments of counsel.

As a preliminary matter, due to the nature of the offense charged, the United States must establish grounds to hold a detention hearing under 18 U.S.C. § 3142(f)(2).  On January 20, 2026, Defendant objected to holding a detention

ORDER - 1

hearing, contending the United States had not met its burden under § 3143(f)(2). ECF No. 12. The Court set the detention hearing so defense counsel could review the United States' Motion for Detention prior to the hearing, but the Court indicated that Defendant reserved the right to argue at the hearing that holding the hearing was improper. However, Defendant did not raise the objection at the detention hearing.

Regardless, the Court must determine whether the United States has established the prima facie case necessary to hold a detention hearing.

Section 3142(f)(2) states that a judicial officer shall hold a detention hearing if there is "a serious risk that [the defendant] will flee," § 3142(f)(2)(A), or "will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror," § 3142(f)(2)(B).

The Court notes that there is a dearth of case law regarding the proper standard to apply in considering the quantum of evidence necessary to trigger a detention hearing pursuant to § 3142(f)(2). In this instance, out of an abundance of caution, the Court has utilized a preponderance of the evidence standard as set forth by the Western District of Washington. *See United States v. Fanyo-Patchou*, 426 F. Supp. 3d 779, 781–82 (2019). The Court continues to consider whether a lower standard, such as a prima facie showing, a showing of some evidence, or

ORDER - 2

some other similar standard, is a more appropriate standard of proof pursuant to § 3142(f)(2).

The Court holds that the United States has established, by a preponderance of the evidence, grounds to hold a detention hearing under § 3142(f)(2)(A)[1] due to the serious risk that Defendant will flee.  As described in further detail below, Defendant's brother served time in prison for similar offenses to Defendant and was subsequently deported.  Defendant, likely having knowledge of his brother's outcome on similar charges, has great incentive to flee the United States to Mexico, where he was born, to avoid the potential of imprisonment and subsequent deportation.  Moreover, the alleged offense conduct demonstrates that Defendant has the means to flee and avoid detection by law enforcement through his creation of fraudulent identification documents.  Thus, the United States has established by a preponderance of the evidence that Defendant is a serious risk of flight, and a detention hearing is warranted.

Having found that a detention hearing was warranted, the remaining issue is whether detention itself is warranted.  The issue of pretrial release is governed by 18 U.S.C. § 3142.  Under that statute, a judicial officer shall order that a defendant

---

[1] The Court's conclusions below would be the same were it to apply the lower standard based on the same concerns that the application of the statute not swallow its purpose.

ORDER - 3

awaiting trial be (1) "released on personal recognizance or upon execution of an unsecured appearance bond," (2) "released on a condition or combination of conditions," or (3) detained pending trial.  18 U.S.C. § 3142(a).  The judicial officer shall conduct a detention hearing to determine "whether any condition or combination of conditions set forth in [§ 3142(c)] will reasonably assure the appearance of such person as required and the safety of any other person and the community."  18 U.S.C. § 3142(f).  The judicial officer shall order the defendant be detained if the United States shows either (1) by a preponderance of the evidence that the defendant will not appear as required, or (2) by clear and convincing evidence that the defendant poses a risk to the safety of any other person and the community.  *Id.*; *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991) ("On a motion for pretrial detention, the government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk, and by clear and convincing evidence that the defendant poses a danger to the community.").

Pursuant to 18 U.S.C. § 3142(g), the Court must consider the nature and circumstances of the offense charged, the weight of the evidence against the Defendant, as well as Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating

ORDER - 4

to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, whether Defendant was under supervision at the time of the alleged offense, and the nature and seriousness of the danger to the community posed by Defendant's release.

The United States contended that if released, Defendant would present a risk of nonappearance. ECF No. 6. Defendant, through counsel, contended there are conditions the Court could impose that would reasonably assure Defendant's appearance as required and the safety of the community if released.

The Court has evaluated the four factors outlined in 18 U.S.C. § 3142(g) to determine whether there are conditions of release that would reasonably assure Defendant's appearance in court and the safety of the community: (1) the nature and circumstances of the offense; (2) the weight of evidence against Defendant; (3) the history and characteristics of Defendant; and (4) the nature and seriousness of the danger Defendant would present to the community if released.

As to the first factor—the nature and circumstances of the offense— Defendant is charged with Fraud and Related Activity in Connection with Identification Documents, in violation of 18 U.S.C. § 1028(a)(2). ECF No. 1. The United States alleges that Defendant has produced and sold fraudulent identity documents, Social Security cards, and permanent resident cards over a period of several years. *See* ECF No. 6 at 3. This conduct is non-violent, and therefore,

ORDER - 5

does not indicate that Defendant would be a risk to the safety of the community if released. However, this conduct does demonstrate an ability to create false identification cards, which would aid one in fleeing further prosecution and avoiding detection by law enforcement, and thus, failing to appear for further court proceedings. Therefore, this factor weighs in favor of detention.

As to the second factor, the weight of the evidence is the least important factor, and Defendant is entitled to a presumption of innocence. *United States v. Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985). However, the evidence against Defendant appears strong. First, the United States used an undercover agent to purchase fraudulent documents from Defendant. Second, the United States asserted that it recovered identification-making materials from Defendant's home, such as computers, printers, and lamination materials, as well as additional fraudulent identification cards, Social Security cards, and permanent resident cards. ECF No. 6 at 4:1–6. Therefore, this factor weighs in favor of detention.

As to the third factor—Defendant's history and characteristics—there is no indication that Defendant poses any risk of danger to the community. However, Defendant's history and characteristics weigh in favor of detention based on Defendant's risk of nonappearance.

Several characteristics weigh in favor of release. Defendant has no criminal convictions. ECF No. 13 at 4. While Defendant was born in Mexico, he has lived

ORDER - 6

in the United States since 2002 and in Washington since 2008. *Id.* at 2. Defendant's family resides with him in Washington. *Id.* He lives with his wife and four minor children. *Id.* One of those children has severe autism and requires increased care from Defendant and his wife. *Id.* Additionally, Defendant has two adult children residing in California. *Id.* Defendant asserted that if released, he would take on the role of providing daily care for his minor children. These characteristics and circumstances weigh in favor of release.

However, the incentive for Defendant to flee to Mexico to avoid prosecution outweighs Defendant's other characteristics. First, Defendant is alleged to possess specialized knowledge in creating fraudulent identification documents that he could use to avoid detection by law enforcement. Second, Defendant's parents remain in Mexico. *Id.* And importantly, Defendant has seen a very similar situation to his own play out for his brother. Defendant's brother was convicted of Conspiracy to Defraud the United States and Unlawful Production of Documents in 2013. *Id.* His brother was sentenced to 37 months of imprisonment and was subsequently deported. *Id.* Thus, Defendant has seen the outcome he faces in the context of his brother and his similar charges. As a result, Defendant has great incentive to flee the United States to avoid the potential of imprisonment. Therefore, on balance, Defendant's history and characteristics weigh in favor of detention due to Defendant's risk of nonappearance.

ORDER - 7

As to the fourth factor—the nature and seriousness of the danger Defendant would pose to the community if released—there is no indication that Defendant poses a risk of danger to the community.  Therefore, this factor weighs in favor of release.

In conclusion, pursuant to 18 U.S.C. § 3143(f), the Court finds that the United States has established by the required preponderance of evidence an absence of conditions or combination of conditions of release that would reasonably assure Defendant's appearance as required.  However, the United States has not established by clear and convincing evidence that Defendant poses a present risk to the safety of other persons or the community that cannot be mitigated by conditions or a combination of conditions of release.

Accordingly, **IT IS ORDERED:**

1.      The United States' Motion for Detention (**ECF No. 6**) is **GRANTED**.

2.      Defendant shall be held in detention pending disposition of this case or until further order of the Court.  Defendant is committed to the custody of the Attorney General for confinement separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall be afforded reasonable opportunity for private consultation with counsel.  On order of a court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility in which Defendant is

ORDER - 8

confined shall deliver Defendant to the United States Marshals Service for the purpose of an appearance in connection with a court proceeding.

3.     Any motion to reopen the issue of detention pursuant to 18 U.S.C. § 3142(f) shall be a maximum of four-pages in length, absent a motion showing good cause for a page extension, and shall succinctly state what circumstances are new, how they are established, and the requested change in conditions of release. The motion shall indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion objects, whether a hearing is desired, and whether a supplemental pretrial services report is requested.  If the moving party, after the exercise of due diligence, is unable to determine the position of any party listed above, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position and request the Court treat the motion as expedited and submitted without argument.  For any motion that includes a plan for substance abuse treatment, Defendant shall attach completed waivers of confidentiality permitting the United States Probation/Pretrial Services Office and the treatment provider to exchange without qualification, in any form and at any time, any and all information or records related to Defendant's conditions of release and supervision, and evaluation, treatment, and performance in the program.  **Motions in Yakima and Spokane cases shall be heard on the**

ORDER - 9

**following Wednesday docket**, **and Richland cases shall be heard on the**

**following Thursday docket.**  If the Court determines that oral argument is

unnecessary on the motion, it shall be set for decision on the Court's 6:30 docket.

4.    If a party desires that another court review this Order pursuant to 18

U.S.C. § 3145, that party shall immediately notify the Magistrate Judge and

opposing counsel.  LCrR 46(k)(1).  The party shall then promptly file a motion for

review before the assigned District Judge.  LCrR 46(k)(3).  If the case has not yet

been assigned to a District Judge, or the assigned District Judge is unavailable, the

motion shall be noted for hearing before the Chief District Judge.  *Id.*

**IT IS SO ORDERED.**

DATED January 23, 2026.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 10